DAVID C. JOHNSTON
LAW OFFICES OF DAVID C. JOHNSTON
1600 G. STREET, SUITE 102
MODESTO, CALIFORNIA 95354
TEL (209)579-1150


Attorney for Debtor in Possession,
INTERIOR COMMERCIAL INSTALLATION, INC.


UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

In Re:                                          CASE NO. 18-42874

    INTERIOR COMMERCIAL            CHAPTER 11
    INSTALLATION, INC.,
                                    DATE:
                                    TIME:
                                    PLACE:
    Debtor in Possession.
_____/   JUDGE: HON. William J. Lafferty

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL; FOR AUTHORITY TO GRANT REPLACEMENT LIEN; AND FOR EMERGENCY HEARING**

To Hon. William J. Lafferty, United States Bankruptcy Judge:

**I. RELIEF REQUESTED**

    Interior Commercial Installation, Inc., (the "Debtor"), acting in its capacity as Debtor in Possession, moves the Court for an order pursuant to 11 USC §363(c)(2)(B) allowing it to use inventory, accounts receivable and accounts of the bankruptcy estate ("Cash Collateral") in the ordinary course of business and to provide adequate protection by way of a replacement lien on future Cash Collateral. In support of this motion, the Debtor respectfully represents:

## II. JURISDICTION

1. The United States District Court has jurisdiction over cases arising under Title 11, United States Code, pursuant to 28 U.S.C. §1334(a). The District Court has generally referred bankruptcy cases to the bankruptcy judges of the district pursuant to 28 U.S.C. §157(a). This motion is a core proceeding, the Debtor consents to entry of final order by the bankruptcy judge.

2. On December 5, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, in this Court at Oakland, California. No Trustee has been appointed and the Debtor is serving as Debtor in Possession. No creditors' committee has been appointed. Debtor filed a previous Chapter 11, which was dismissed by the Court on December 3, 2018.

## III. BACKGROUND OF THE BUSINESS

3. The Debtor employs approximately 25 people, who precisely cut and install marble slab in commercial real estate projects, such as office buildings. The Debtor has business locations in Brentwood and San Francisco. Debtor has been in business for 5 years as a corporation and the principal shareholder has been in the slab business for 25 years. The Debtor bids about $1,500,000 in jobs per month and is awarded about $450,000 in contracts.

## IV. THE PROBLEM LOANS

4. There are eight "on line" loans made to Debtor (See Exhibit B).

5. Debtor did a UCC-1 search and cannot ascertain how many of these loans have filed UCC-1 filings. But it has been established that loans made by Kalamata and Yellowstone are supported by UCC-1 filings (See Exhibits E and F).

6. Prior to the petition date, the Debtor entered into a number of transactions whereby the other party (designated the "Purchaser") would purportedly purchase the Debtor's future receipts. In one transaction, for example, the Purchaser paid Debtor $84,000.00 for $124,320.00 of "future receipts" to be deducted from the Debtor's bank account at the rate of $1,234.20 *per day*. The Debtor believes that the transactions were structured in this was to avoid the application of California's usury laws. The transactions also involved the use of confessions of judgment signed by the Debtor's president, which could be filed in the New York Supreme Court after any default, even if one day's bank deduction was dishonored.

7. In fact, after the daily bank deductions were stopped for a few days, two of the Purchasers filed confessions of judgment, obtained judgments, and levied on the Debtor's account at JP Morgan chase Bank, It's main office being in New York.

## V. TWO LENDERS HAVE THREATENED DEBTOR'S CUSTOMERS AND WARNED THEM NOT TO PAY FOR COMPLETE JOBS PREFORMED BY DEBTOR

8. Two Purchasers sent letters to at least one of the Debtor's biggest customers "requested that a hold be placed on the Debtor's accounts receivable" (see letters, Exhibits D and E). The Purchaser's attorney warned the Debtor's customer that if he didn't forward all funds to the Purchaser, that customer would be liable for damages. As a result, the Debtor's customers are unwilling to pay the Debtor given this demand and threat from the Debtor's lenders. Customers have checks waiting to be sent to Debtor, but now those checks are being held by Debtor's customers until the Court grants use of Cash Collateral. One creditor, Commercial Case Work, owes Debtor $259,000 for completed jobs. However, some of those receivables are not yet due.

Case: 18-42874    Doc# 2    Filed: 12/07/18    Entered: 12/07/18 12:46:18    Page 3 of 5

9. A spreadsheet is attached which sets forth the amount of money received from each Purchaser and the amount repaid to date (See Exhibit B).

## VI. RELIEF REQUESTED

10. At the present time, it is imperative that the Debtor obtain authority from this Court, in accordance with 11 U.S.C. § 363(c)(2)(B), to use cash collateral in order to maintain its business operations and protect its ability to reorganize in accordance with chapter 11 of the Code.

11. In accordance with section 363(c)(2)(B) of the Code, the Debtor requests that this Court authorize and approve the Debtor's use of cash collateral for the payment of its operating expenses as set forth in the budget attached hereto as Exhibit "A." in order to remain in possession of its property and continue its business activity. In an effort to achieve successful reorganization, the Debtor must be permitted to use cash collateral in its ordinary business operations. The Debtor currently has no present alternative borrowing source from which the Debtor could secure additional funding to operate its business.

12. Specifically, the Debtor requires the use of collateral for the payment of certain operating expenses as set forth on the budget attached hereto as Exhibit "A." The Debtor believes the expenses listed on the budget are reasonable and necessary business expenses which must be paid in order to continue the Debtor's business.

13. In an effort to adequately protect the interest of the Secured Creditors in the Prepetition Collateral for the Debtor's use of cash collateral as requested in this Motion, the debtor is offering to provide the Secured Creditors with replacement liens pursuant to and in accordance with 11 U.S.C. § 361(2), in and all property of the estate of the kind presently

Page 4 of 5

Case: 18-42874    Doc# 2    Filed: 12/07/18    Entered: 12/07/18 12:46:18    Page 4 of 5

securing the indebtedness owing to the Secured Creditors, the "Post-petition Collateral" purchased or acquired with the cash collateral of Secured Creditors.

14. In the event this Court does not authorize the Debtor's use of cash collateral, the Debtor believes it will be unable to maintain its current business operations and propose a plan of reorganization as contemplated by the Bankruptcy Code. Without the use of cash collateral, the Debtor will be seriously and irreparably harmed, resulting in significant losses to the Debtor's estate and its creditors.

15. In filing this Motion, the Debtor does not admit that the Secured Creditors hold valid, perfected or enforceable prepetition liens and security interest in and to any of the Prepetition Collateral and the Debtor does not waive the right to contest the validity, perfection, or enforcement of Secured Creditor's alleged prepetition liens and security interests in and to any such property.

## VII. REQUEST FOR EMERGENCY HEARING

16. Debtor cannot make payroll of about $75,000 every two weeks and pay the other expenses listed on the budget without use of the Cash Collateral.

WHEREFORE, Interior Commercial Installation, Inc., respectfully requests that this Court enter an order pursuant to 11 U.S.C. § 363(c)(2)(B) authorizing the Debtor to use cash collateral for its general ongoing business operations as described in this Motion and the Budget attached hereto as Exhibit A and grant Interior Commercial Installation, Inc., such other and further relief as may be proper and just.

Date: Dec 7, 2018

Respectfully Submitted,

/s/ David C. Johnston
David C. Johnston
1600 G Street, Suite 102
Modesto, Ca 95354

Case: 18-42874    Doc# 2    Filed: 12/07/18    Entered: 12/07/18 12:46:18    Page 5 of 5