TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 252-2062
Facsimile: (415) 705-3379
Email: Marta.Villacorta@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>INTERIOR COMMERCIAL INSTALLATION, INC.,<br><br>Debtor. | Case No. 18-42874 CN<br><br>Chapter 11<br><br>Date: December 12, 2018<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>1300 Clay Street<br>Courtroom 215<br>Oakland, CA<br>Judge: Honorable Charles Novack |

## UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND RESERVATION OF RIGHTS

Tracy Hope Davis, the United States Trustee for Region 17 (the "United States Trustee") files this objection (the "Objection") to "Motion for Authority to Use Cash Collateral," ECF No. 2 ("Cash Collateral Motion") filed on December 7, 2018.[1]

The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. The United States Trustee reserves the right to supplement the facts

---

[1] Hereafter, all references to "Section" in the Objection are to provisions of the "Bankruptcy Code," 11 U.S.C. §§ 101-1532, unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

UST Objection to Cash Collateral Motion, Interior Commercial Installation, Inc., Case No. 18-42874 CN

contained herein, which are based solely on the factual assertions of the Debtor or its agents in the Cash Collateral Motion. To the extent that this Objection contains factual assertions predicated upon statements made by the Debtor or its agents, the United States Trustee contends that such factual assertions are admissible evidence in the form of admissions of a party opponent under Fed. R. Bankr. P. 9017 and Fed. R. Evid. 801(d)(2).

I.  **INTRODUCTION**

The United States Trustee objects to the approval of the relief set forth in the Cash Collateral Motion because the Debtor has failed to satisfy its evidentiary burden under section 363 of the Bankruptcy Court. Specifically, the Court should deny the Cash Collateral Motion in the entirety because the Debtor has failed to define who the "Secured Creditors" are, and what security interest, if any, they have in the Debtor's assets. The Cash Collateral Motion also fails state the period of time in which Debtor wishes to use cash collateral. The budget referenced as "Exhibit A" in the Cash Collateral Motion and Declaration of Jens C. Jensen ("Jensen Declaration") also appears to be deficient as explained below. Accordingly, the Cash Collateral Motion should be denied. The United States Trustee reserves all rights to object to any supplemental pleading or amended motion filed in connection with the Cash Collateral Motion.

II. **STATEMENT OF FACTS**

1. This is the Debtor's second chapter 11 bankruptcy filed within the last month in the Northern District of California, Oakland Division.[2]

2. This second chapter 11 bankruptcy was filed on December 7, 2018 ("Petition Date"). ECF No. 1.[3] The Debtor is represented by David C. Johnston. *See* PACER docket for Case No. 18-42874 CN.

---

[2] The United States Trustee requests that the Court take judicial notice of the first chapter 11 bankruptcy case filed, 18-42689 WLJ pursuant to Fed. R. Bankr. P. 9017 and Fed. R. Evid. 201. The first chapter 11 bankruptcy case (18-42689 WJL) was filed on November 16, 2018, but later dismissed on December 3, 2018, for failure to file Schedules, etc. *See* PACER docket for Case No. 18-42689 WLJ, ECF No. 22.

[3] As reflected on the voluntary chapter 11 petition, ECF No. 1 at 2, *Jens Christian Jensen*, Case No. 18-42697 WLJ, is a related case that is currently pending before the Honorable William J. Lafferty III.

UST Objection to Cash Collateral Motion, Interior Commercial Installation, Inc., Case No. 18-42874 CN

3. The Section 341(a) meeting of creditors has been scheduled for January 14, 2019. *Id.* As of the date of this Objection, no official committee of unsecured creditors has been appointed, however, the United States Trustee will perform her duties under Bankruptcy Code section 1102. *Id.*

4. According to Schedule A/B, the Debtor has an interest in the following assets, among others: (a) two checking accounts with the Bank of Stockton; (b) accounts receivable valued at $538,399; (c) inventory valued at $325,000; and (d) several vehicles. *See* ECF No. 12. On Schedule D, the following creditors were listed as holding a security interest in the Debtor's pre-petition accounts receivable: DLI Assets Bravo, LLC; Next Wave Enterprises; Everest Business Funding; Kalamata Capital Group ("Kalamata"); Yellowstone Capital West, LLC ("Yellowstone"); TVT Capital, LLC; and Forward Financing LLC. ECF No. 12.

**Cash Collateral Motion[4]**

5. The Debtor proposes to use cash collateral to pay the expenses set forth in the budget referenced as "Exhibit A," ECF No. 3 ("Proposed Budget"). ECF No. 4, Jensen Declaration, ¶ 2. The Proposed Budget, however, does not include certain expenses reflected on the Debtor's 2017 tax return, including fees and subscriptions and security. ECF No. 3 at 38.

6. The Debtor employs "approximately 25 people, who precisely cut and install marble slab in commercial real estate projects, such as office buildings." ECF No. 4, Jensen Declaration, ¶ 4. The Debtor has business locations in Brentwood and San Francisco, California. *Id.*

7. Mr. Jensen, who serves as the President and manager of the Debtor, states that while "there are eight 'online' loans made to [him]," he "cannot ascertain how many of these loans have filed UCC-1 filings." ECF No. 4, Jensen Declaration, ¶¶ 4-5, Exhibit B. However, Exhibit B lists seven creditors and seven different loan amounts. ECF No. 3, Exhibit B.

//

---

[4] The Debtor submitted a copy of its 2017 tax return in support of the Cash Collateral Motion. ECF No. 3. Schedule K-1, ECF No. 3 at 31, includes the Debtor's principal's full social security number, which should be redacted. *See* 11 U.S.C. § 107; Fed. R. Bankr. P. 9037.

UST Objection to Cash Collateral Motion, Interior Commercial Installation, Inc., Case No. 18-42874 CN

8. Further, Mr. Jensen determined "that loans made by Kalamata and Yellowstone are supported by UCC-1 filings." *Id.* at ¶ 5, Exhibits E and F.[5]

### III. JURISDICTION AND STANDING

Under 28 U.S.C. § 586(a)(3), the United States Trustee is charged with supervising the administration of cases and trustees "by, whenever the United States trustee considers it to be appropriate" taking certain action. 28 U.S.C. §§ 586(a)(3)(A) – (I). This duty is part of the United States Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. *See U. S. Tr. v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994).

Under 11 U.S.C. § 307, the United States Trustee has standing to be heard and to object to the Cash Collateral Motion addressed herein. 11 U.S.C. § 307.

### IV. LEGAL ARGUMENT

#### 1. Legal Standards

Bankruptcy Code section 363(a) defines cash collateral as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents." 11 U.S.C. § 363(a). Section 362(c) of the Bankruptcy Code provides that:

> (c)(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless –
> (A) each entity that has an interest in such cash collateral consents; or
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 362(c)(2). Federal Rule of Bankruptcy Procedure 4001(b)(2) provides that a court may conduct a preliminary hearing on a motion for authority to use cash collateral, "but the court

---

[5] Mr. Jensen also states two "Purchasers" (who appear to be Yellowstone and Kalamata) have sent threatening letters to [his] customers warning them not to pay and to forward all funds to the "Purchasers" and that "checks are being held by [his] customers until the Court grants use of Cash Collateral." Jensen Declaration, ¶ 8. The Cash Collateral Motion, however, fails to explain how these statements are relevant to the cash collateral analysis.

UST Objection to Cash Collateral Motion, Interior Commercial Installation, Inc., Case No. 18-42874 CN

may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b)(2).

Federal Rule of Bankruptcy Procedure 4001(b)(1)(B) provides in pertinent part that a motion for authority to use cash collateral shall include all of the material provisions, including:

> (i) the name of each entity with an interest in the cash collateral;
> (ii) the purposes for the use of the cash collateral;
> (iii) the material terms, including duration, of the use of the cash collateral; and
> (iv) any liens, cash payments, or other adequate protection that will be provided to each entity with an interest in the cash collateral or, if no additional adequate protection is proposed, an explanation of why each entity's interest is adequately protected.

Fed. R. Bankr. P. 4001(b)(1)(B); *see In re Exec. Pers. Servs.*, 2008 Bankr. LEXIS 1405, at * 8 (Bankr. D.D.C. May 1, 2008) (The Court suggesting that the remedy for the debtor was to revise the motion to comply with the content requirements of Rule 4001 and give notice of an interim hearing under Rule 4001(b)(2)).

### 2. The Cash Collateral Motion Should Be Denied Because The Debtor Has Failed To Satisfy Its Burden To Show That the Requirements of FRBP 4001(b)(1)(B) Have Been Satisfied.

First, the Cash Collateral Motion does not provide a definition for material terms, i.e. Secured Creditors is a defined term, however, the Debtor has not identified who the "Secured Creditors" are, and what security interest, if any, they have in the Debtor's assets. This information is explicitly required by the Bankruptcy Rules, and the Court cannot make a determination as to whether use of cash collateral is appropriate under these circumstances if it does not know who has a lien on cash. *See* Fed. R. Bankr. P. 4001(b)(1)(B)(i); *see In re Cent. Kan. Crude, LLC*, 2009 Bankr. LEXIS 5447, at *5-6 (Bankr. Kan. December 3, 2009) (the Court summarized the debtor's request and proposed use of cash collateral in accordance with Bankruptcy Rule 4001, which included the parties with interest in cash collateral, use of cash collateral, termination date, events of default, among other things.). Additionally, the Jensen Declaration states that eight loans were made to Mr. Jensen, not the Debtor; however, seven creditors and seven different loan amounts were included in Exhibit B, ECF No. 3. However, on Schedule D, the Debtor listed seven creditors (including Kalamata and Yellowstone) holding a

security interest in the Debtor's pre-petition accounts receivable. ECF No. 12. These discrepancies further support the need for additional clarification regarding who holds a security interest in the Debtor's assets.

The Cash Collateral Motion is deficient because the Debtor has failed to identify the name of each entity with an interest in the cash collateral. *See* 11 U.S.C. § 363 (Cash collateral, by definition requires that the "estate and an entity other than the estate have an interest" in such collateral). Although the Jensen Declaration identifies Kalamata and Yellowstone as having a security interest, the Cash Collateral Motion is silent on what that these creditors hold a security interest in (the Cash Collateral Motion merely makes reference to Exhibits E and F, which appear to be copies of UCC-1 statements). Jensen Declaration, ¶ 5.

Second, the Cash Collateral Motion fails to state the period of time in which the Debtor is requesting to use cash collateral. Bankruptcy Rule 4001(b)(B) explicitly requires cash collateral motions to include, *inter alia*, "the material terms, *including duration*, of the use of the cash collateral." Fed. R. Bankr. P. 4001(b)(1)(B)(iii) (emphasis supplied). Even if this basic information were not explicitly required by the Bankruptcy Rules, it is even more important here given the confusing and uncertain nature of the request.

Finally, the Proposed Budget is incomplete and cannot be relied upon to evaluate the Debtor's cash collateral needs. There is no indication what time frame the Proposed Budget will be covering, and for how long. The Debtor states it has $488,871 in "income" without providing any explanation regarding the source of income (e.g., accounts receivable). There are also several line items that require clarification. For example, there is a line item for "Salaries" in the amount of $150,425; however, there is no indication whether this amount includes pre-petition wages (including payments to insiders, which would be needed to be addressed separately pursuant to § 507(a)(5)). There is also a line item for "Accounting & Bookkeeping" for $800, without any explanation whether this an outside service or whether the Debtor intends to retain this professional (and why this professional should be paid without first being employed by the estate). The Debtor also proposes to pay "Consulting" fees in the amount of $1,000, without providing any explanation why this payment is permissible. Additionally, there is a line item for

"Loan Fees" in the amount of $10,000 without any explanation regarding who is getting paid, and for what.  Additionally, the Proposed Budget fails to account for certain expenses reflected on the Debtor's 2017 tax return, including fees, subscriptions, and security.  ECF No. 3, at 38.  The Proposed Budget also fails to include a line item to ensure timely payment of quarterly fees due pursuant to 28 U.S.C. § 1930(a); 31 U.S.C. § 3717.

Based on the foregoing, the Cash Collateral Motion should be denied in the entirety.  As set forth above, the United States Trustee reserves the right to supplement the facts contained herein, which are based solely on the factual assertions of the Debtor or its agents in the Cash Collateral Motion.

## V. CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order denying the Cash Collateral Motion, and granting such other relief as is just and appropriate under the circumstances.

Dated:  December 11, 2018

TRACY HOPE DAVIS
United States Trustee, Region 17

*/s/Marta E. Villacorta*
MARTA E. VILLACORTA
Trial Attorney