David C. Johnston (SBN 71367)
Attorney at Law
1600 G Street, Suite 102
Modesto, California 95354
Telephone: (209) 579-1150
FAX: (209) 579-9420

Proposed Attorney for Debtor in Possession
Interior Commercial Installation, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | **Case No. 18-42874** |
| Interior Commercial Installation, Inc., | Chapter 11 Case |
| Debtor. _____/ | [No hearing set] |

**APPLICATION OF DEBTOR IN POSSESSION
FOR AUTHORITY TO EMPLOY ATTORNEY**

To: Hon. Charles Novack, United States Bankruptcy Judge:

The application of Interior Commercial Installation, Inc., (the "Debtor" for the pre-petition period and the "Debtor in Possession" for the post-petition period) respectfully represents:

1. On December 7, 2018, the Debtor filed a voluntary petition in this Court under Chapter 11 of Title 11, United States Code. No trustee has yet been appointed and the Debtor is serving as Debtor in Possession.

2. The Debtor in Possession wishes to employ David C. Johnston ("Mr. Johnston") as its attorney for the Chapter 11 case, with such employment effective December 7, 2018. Mr.

Johnston is admitted to practice before all four federal district courts in California, including the Northern District, is duly licensed to practice law in all courts of the State of California and the District of Columbia, and is admitted to practice before the United States Circuit Court of Appeals for the Ninth Circuit and the United States Tax Court. Mr. Johnston has been admitted *pro hac vice* in bankruptcy courts in Delaware, Utah, and New York. He has taught law at the university and law school level for many years.

3. The Debtor in Possession has selected Mr. Johnston because he has more than 42 years of experience in bankruptcy reorganization matters, has obtained confirmation of plans of reorganization in many other Chapter 11 cases and is well qualified to handle this Chapter 11 case.

4. The services which Mr. Johnston has rendered and will render include:

(a) Giving the Debtor legal advice about various bankruptcy options, including relief under Chapters 7 and 11 and legal advice about non-bankruptcy alternatives for dealing with the claims against the Debtor;

(b) Giving the Debtor in Possession legal advice about its rights, powers, and obligations in the Chapter 11 case and in the management of the estate;

(c) Taking necessary action to enforce the automatic stay and to oppose motions for relief from the automatic stay;

(d) Reviewing and if necessary, filing adversary complaints to recover and avoid any preferential or fraudulent transfers;

(e) Appearing with the Debtor's president member at the meeting of creditors, initial interview with the U.S. Trustee, status conference, and other hearings held before the Court;

(f) Reviewing and if necessary, objecting to proofs of claim;

(g) Taking steps to obtain Court authority for the use of cash collateral;

(h) Preparing a plan of reorganization and a disclosure statement and taking all steps necessary to bring a plan to confirmation, if possible; and

(i) Reviewing and litigating, if necessary, the "sale of accounts receivable" transactions which led to the Chapter 11 case, including the issues of usury, validity of "blank" confessions of judgment, and possible recovery of preferential transfers within the 90 days preceding the petition date.

5. Mr. Johnston represented the Debtor in a prior Chapter 11 case in this Court (case number 18-42689 filed on November 16, 2018 and dismissed on December 3, 2018).

6. Except for the prior short-lived Chapter 11 case, Mr. Johnston has never represented the Debtor in any legal matters.

7. Mr. Johnston has never represented Jens C. Jensen, the Debtor's president, sole shareholder, and sole director, in any legal matters.

8. Except for the present representation of the Debtor in this Chapter 11 case and the prior one, Mr. Johnston has no present or past connections or relationships with any of the following: the creditors in this case; the United States Trustee and her employees; the Debtor; the Debtor's president, sole shareholder, and sole director, the Debtor's accountant; and the respective counsel for all of the foregoing.

9. 11 United States Code § 327(a) requires that professional persons employed by a trustee (or debtor in possession) "not hold or represent an interest adverse to the estate" and be disinterested persons. Mr. Johnston does not hold any interest adverse to the estate, does not represent any interest adverse to the estate, and he is a disinterested person as defined in 11 United States Code § 101(14).

10. Mr. Johnston and the Debtor in Possession have agreed, subject to final allowance of fees by the Court, that the hourly rate to be charged by him is $360.00, which is Mr. Johnston's usual hourly rate for all cases, bankruptcy or otherwise. Periodic applications for interim compensation may be made, and at the conclusion of the case, a final application for allowance of compensation will be made.

11. During the one year period prior to the commencement of this case, the Debtor

paid a small retainer of $4,500.00 for pre-petition legal services provided to the Debtor in preparation of the Chapter 11 case. No retainer was paid for post-petition legal services to be provided to the Debtor in Possession. The Debtor also paid $1,717.00 to be used for the Clerk's filing fee, and such sum was in fact used to pay the filing fee on the petition date.

12. Federal Rule of Bankruptcy Procedure 6003(a) generally prohibits the Court from entering an order granting an employment application within the 21 day period following the petition date. This application is submitted 14 days after the petition date in order to avoid dismissal of the Chapter 11 case by the Court pursuant to the Order for Non-Individual(s) In Chapter 11 Case to File Required Documents and Notice of Automatic Dismissal entered December 7, 2018. All documents except for this application (which appeared to be premature because of Rule 6003(a)) were filed on the petition date, December 7, 2018.

WHEREFORE, Interior Commercial Installation, Inc., the Debtor in Possession, prays that it be allowed to employ David C. Johnston as its attorney in this Chapter 11 case, effective December 7, 2018.

Dated: December 21, 2018.

Respectfully submitted,

*/s/ David C. Johnston*

_____
David C. Johnston
Proposed Attorney for Debtor in Possession
Interior Commercial Installation, Inc.