David C. Johnston (SBN 71367)
Attorney at Law
1600 G Street, Suite 102
Modesto, California 95354
Telephone: (209) 579-1150
FAX: (209) 579-9420

Proposed Attorney for Debtor in Possession
Interior Commercial Installation, Inc.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

Interior Commercial Installation, Inc.,

Debtor.
_____/

**Case No. 18-42874**

Chapter 11 Case

[No hearing set]

**DECLARATION OF DAVID C. JOHNSTON IN SUPPORT OF APPLICATION OF DEBTOR IN POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEY**

I, David C. Johnston, declare:

1. I am the attorney of record for Interior Commercial Installation, Inc., (the "Debtor" for the pre-petition period and the "Debtor in Possession" for the post-petition period). I have personal knowledge of the following facts and would be competent to testify if called as a witness. I make this declaration in support of the Application of Debtor in Possession for Authority to Employ Attorney (the "Employment Application") dated December 21, 2018.

2. On December 7, 2018, the Debtor filed a voluntary petition in this Court under

Declaration of David C. Johnston
In Support of Application of Debtor in
Possession For Authority to Employ Attorney    Page 1

Chapter 11 of Title 11, United States Code. I personally prepared the petition and supporting documents, obtained the necessary signatures, and electronically filed the petition and all supporting documents with the Court on the petition date. No trustee has yet been appointed and the Debtor is serving as Debtor in Possession.

3. The Debtor in Possession wishes to employ me as its attorney for the Chapter 11 case. I am admitted to practice before all four federal district courts in California, including the Northern District, am duly licensed to practice law in all courts of the State of California (since 1976) and the District of Columbia (since 1985), and am also admitted to practice before the United States Circuit Court of Appeals for the Ninth Circuit and the United States Tax Court. I have been admitted *pro hac vice* in Delaware, Utah, and New York (possibly more courts). I have been on the faculty of California State University, Stanislaus, for the last 25 years, where I teach Business Law and Advanced Business Law, and on the faculty of Humphreys University School of Law, where I teach Bankruptcy Law.

4. The Debtor in Possession has selected me because I have more than 42 years of experience in bankruptcy reorganization matters, have obtained confirmation of plans of reorganization in many other Chapter 11 cases and am well qualified to handle this Chapter 11 case. I have handled hundreds of bankruptcy cases during the past 42 years and have represented debtors, trustees, and creditors. A few cases in the Eastern District of California spanning several decades are:

(a) *In re National RV Sportscenter, Inc.,* case number 89-92081, where I represented the Chapter 11 Trustee. A plan of reorganization was confirmed despite serious issues with related cases.

(b) *In re Clarence L. Reinke and Carma Ann Reinke,* case number 92-92503, where I represented the Debtors in Possession, who had sponsored their son in a failed restaurant venture. A plan of reorganization was confirmed.

(c) *In re Frances Chin Chi Chang*, case number 99-92053, where I represented the

Debtor in Possession, who owned several restaurants, one of which had burned to the ground and insurance coverage was denied. A plan of reorganization was confirmed and I assisted the Debtor in Possession in recovering a substantial award against her insurance agent for malpractice.

(d) *In re Hamilton Dental Designs, Inc.*, case number 11-90885, where I represented the Debtor in Possession. A plan of reorganization was confirmed.

(e) *In re AJW Properties, LLC.*, case number 12-32054, where I represented the Debtor in Possession. A plan of reorganization was confirmed with the consent of the major lender, Wells Fargo Bank, which had been an aggressive adversary.

(f) *In re Tracy Press, Inc.*, case number 10-37525, where I represented the Debtor in Possession. A plan of reorganization was confirmed in a very difficult case. I obtained court approval for the estate's sale of three newspapers.

(g) *In re Joseph R. Tedesco*, case number 14-91023, where I represented the Debtor in Possession, a shopping center owner. A plan of reorganization was confirmed with the consent of the major lender, Westamerica Bank, who consented to a substantial modification of its loan terms.

5. The services which I have rendered and will render include:

(a) Giving the Debtor legal advice about various bankruptcy options, including relief under Chapters 7 and 11 and giving the Debtor legal advice about non-bankruptcy alternatives for dealing with the single claim against its major asset;

(b) Giving the Debtor in Possession legal advice about its rights, powers, and obligations in the Chapter 11 case and in the management of the estate;

(c) Taking necessary action to enforce the automatic stay and to oppose motions for relief from the automatic stay;

(d) Reviewing and if necessary, filing adversary complaints to recover and avoid any preferential or fraudulent transfers;

Declaration of David C. Johnston
In Support of Application of Debtor in
Possession For Authority to Employ Attorney        Page 3

Case: 18-42874   Doc# 33   Filed: 12/21/18   Entered: 12/21/18 13:11:07   Page 3 of 5

(e) Appearing with the Debtor's president at the meeting of creditors, initial interview with the U.S. Trustee, status conference, and other hearings held before the Court;

(f) Reviewing and if necessary, objecting to proofs of claim;

(g) Taking steps to obtain Court authority for the use of cash collateral;

(h) Preparing a plan of reorganization and a disclosure statement and taking all steps necessary to bring a plan to confirmation, if possible; and

(i) Reviewing and litigating, if necessary, the "sale of accounts receivable" transactions which led to the Chapter 11 case, including the issues of usury, validity of "blank" confessions of judgment, and possible recovery of preferential transfers within the 90 days preceding the petition date.

6. I represented the Debtor in a prior Chapter 11 case in this Court (case number 18-42689 filed on November 16, 2018 and dismissed on December 3, 2018).

7. Except for the prior short-lived Chapter 11 case, I have never represented the Debtor in any legal matters.

8. I have never represented Jens C. Jensen, the president, sole shareholder, and sole director, of the Debtor, in any legal matters.

9. Except for the representation of the Debtor in this Chapter 11 case and the prior one, I have no present or past connections or relationships with any of the following: the creditors in this case; the United States Trustee and her employees; the Debtor; the Debtor's president, sole shareholder, and sole director; the Debtor's accountant; and the respective counsel for all of the foregoing.

10. 11 United States Code § 327(a) requires that professional persons employed by a trustee (or debtor in possession) "not hold or represent an interest adverse to the estate" and be disinterested persons. I do not hold any interest adverse to the estate, do not represent any interest adverse to the estate, and meet all of the criteria to be a disinterested person as defined in 11 United States Code § 101(14).

Declaration of David C. Johnston
In Support of Application of Debtor in
Possession For Authority to Employ Attorney          Page 4

Case: 18-42874    Doc# 33    Filed: 12/21/18    Entered: 12/21/18 13:11:07    Page 4 of 5

11. The Debtor in Possession and I have agreed, subject to final allowance of fees by the Court, that the hourly rate which I will charge is $360.00, my usual hourly rate for all cases, bankruptcy or otherwise. Periodic applications for interim compensation may be made, and at the conclusion of the case, a final application for allowance of compensation will be made.

12. During the one year period prior to the commencement of this case, the Debtor paid a small retainer of $4,500.00 for pre-petition legal services provided to the Debtor in preparation of the Chapter 11 case. No retainer was paid for post-petition legal services to be provided to the Debtor in Possession. The Debtor also paid $1,717.00 to be used for the Clerk's filing fee, and such sum was in fact used to pay the filing fee on the petition date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was signed by me at Modesto, California on December 21, 2018.

*/s/ David C. Johnston*
_____
David C. Johnston

Declaration of David C. Johnston
In Support of Application of Debtor in
Possession For Authority to Employ Attorney     Page 5

Case: 18-42874    Doc# 33    Filed: 12/21/18    Entered: 12/21/18 13:11:07    Page 5 of 5